UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT BRASSARD,

        Plaintiff,                          Hon. Robert Holmes Bell

v.                                                   Case No. 1:12-CV-345

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Attorneys Fees Pursuant to the Equal Access to Justice Act. (Dkt. #20) and the parties' Proposed Stipulation and Order for Attorney's Fees under the Equal Access to Justice Act (Dkt. #21). Plaintiff's counsel seeks $6,980.16 in fees and costs, as detailed in his application. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that the motion be **granted in part and denied in part**.

Pursuant to the Equal Access to Justice Act (EAJA), the prevailing party in an action seeking judicial review of a decision of the Commissioner of Social Security may apply for an award of fees and costs incurred in bringing the action. *See* 28 U.S.C. § 2412(d)(1)(A). While a prevailing party is not simply entitled, as a matter of course, to attorney fees under the EAJA, *see United States v. 0.376 Acres of Land*, 838 F.2d 819, 825 (6th Cir. 1988), fees and costs are to be awarded unless the Court finds that the Commissioner's position was "substantially justified" or that "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *Damron v. Commissioner of Social Security*, 104 F.3d 853, 855 (6th Cir. 1997).

The burden rests with the Commissioner to establish that his position was substantially justified, *see Secretary, United States Department of Labor v. Jackson County Hospital*, 2000 WL 658843 at *3 (6th Cir., May 10, 2000), defined as "justified, both in fact and in law, to a degree that could satisfy a reasonable person." *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989). However, the fact that the Commissioner's decision is found to be supported by less than substantial evidence "does not mean that it was not substantially justified." *Bates v. Callahan*, 1997 WL 588831 at *1 (6th Cir., Sept. 22, 1997); *see also*, *Couch v. Sec'y of Health and Human Services*, 749 F.2d 359, 359 (6th Cir. 1984).

On October 15, 2012, the Commissioner's decision was reversed, pursuant to stipulation, and this matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g). Plaintiff's counsel now moves the Court for an award of attorney's fees pursuant to the EAJA. Defendant does not oppose the granting of attorney fees in this matter. In his application, counsel seeks an award of $6,980.16. Specifically, counsel seeks to recover $6,940.16 for work performed by himself and other attorneys (40.7 hours multiplied by an hourly rate of $170.52). Counsel also seeks to recover $40.00 for administrative work performed by his firm (.5 hours multiplied by an hourly rate of $80.00). The Court finds the amount of hours expended in this matter to be reasonable and appropriate.

The hourly rate claimed by counsel for work performed by himself and other attorneys, however, is inappropriate. The relevant statute provides that "fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). As the Sixth Circuit has indicated, the EAJA's statutory hourly rate "is a ceiling and not a floor." *Begley v. Secretary of Health and Human Services*, 966 F.2d 196, 199 (6th Cir.

1992) (quoting *Chipman v. Secretary of Health and Human Services*, 781 F.2d 545, 547 (6th Cir. 1986)). Furthermore, counsel bears the burden of "producing appropriate evidence to support the requested increase." *Bryant v. Commissioner of Social Security*, 578 F.3d 443, 450 (6th Cir. 2009). Moreover, as the *Bryant* court made clear, counsel does not satisfy his burden in this regard by submitting "only the Department of Labor's Consumer Price Index, arguing that the rate of inflation supported an increase in fees." *Id.*

In support of his request for an hourly rate in excess of the statutory rate, counsel has done nothing more than argue that increases in the Consumer Price Index justify a higher hourly rate. As the Sixth Circuit has indicated, such is insufficient to establish that "an increase in the cost of living or a special factor. . .justifies a higher fee." To the extent that counsel relies on billing rates or other data prevalent in the State of New York, where he practices, the Court notes that the relevant market for assessing the reasonableness of an attorney fee request is "the venue of the court of record, rather than foreign counsel's typical charge for work performed within a geographical area wherein he maintains an office and/or normally practices." *Adcock-Ladd v. Secretary of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000).

The Court finds counsel's submissions on this question insufficient to merit an award based on an hourly rate in excess of the statutory amount. The undersigned recommends, therefore, that payment for counsels' services be based upon an hourly rate of $125. Plaintiff is also entitled to recover the reasonable cost for legal assistant or paralegal services. *See, e.g., Priestley v. Astrue*, 651 F.3d 410, 416 (4th Cir. 2011); *Richlin Security Service Co. v. Chertoff*, 553 U.S. 571, 581 (2008). The Court finds that recovery of such expenses at the rate of $80.00 per hour is reasonable. Accordingly, the undersigned recommends that EAJA fees and costs be awarded in the amount of $5,127.50 ($125

multiplied by 40.7 hours plus $80 multiplied by .5 hours). However, in light of the Supreme Court's decision in *Astrue v. Ratliff*, 130 S.Ct. 2521 (2010), the undersigned further recommends that this amount be paid to Plaintiff not his attorney.

In *Astrue*, a Social Security claimant prevailed on her claim for benefits after which her attorney moved for an award of fees under the EAJA. *Id.* at 2524. The fee request was granted, but before the award was paid the United States discovered that the claimant "owed the Government a debt that predated the District Court's approval of the award." The United States, therefore, sought an administrative offset (expressly permitted by statute) against the fees award to satisfy part of the claimant's debt. *Id.* The claimant's attorney subsequently intervened in the matter opposing the Government's position. *Id.* at 2525. The district court found that counsel lacked standing to challenge the offset. The Eighth Circuit reversed, concluding that the fee award was payable to the claimant's attorney. The Supreme Court agreed to review the case to resolve a circuit split on the question. *Id.*

The Supreme Court, based on a straightforward interpretation of the relevant statutory text, concluded that the EAJA "awards the fees to the litigant, and thus subjects them to a federal administrative offset if the litigant has outstanding federal debts." *Id.* at 2525-27. The Court concluded that the "Government's history of paying EAJA awards directly to attorneys in certain cases does not compel a different conclusion." *Id.* at 2528. As the Court observed, the Government "most often paid EAJA fees directly to attorneys in cases in which the prevailing party had assigned its rights in the fees award to the attorney" and "has since continued the direct payment [to attorneys] only in cases where the plaintiff does not owe a debt to the government and assigns the right to receive the fees to the attorney." *Id.* at 2529.

Several courts have subsequently concluded that while *Astrue* makes clear that an award of EAJA fees is payable to the claimant (i.e., it is the claimant's property), nothing in the *Astrue* decision prevents or renders invalid an otherwise appropriate assignment of EAJA fees by a claimant to her attorney. *See, e.g., Mathews-Sheets v. Astrue*, 653 F.3d 560 (7th Cir., Aug. 5, 2011); *Cowart v. Commissioner of Social Security*, 795 F.Supp. 2d 667 (E.D. Mich., June 13, 2011). While the Court does not necessarily disagree with this particular conclusion, such does not justify payment of an EAJA award directly to counsel.

Counsel has included with his motion a copy of a document, titled "Affidavit and Waiver of Direct Payment of EAJA Fees," in which Plaintiff agrees that any EAJA fees "be paid directly to" counsel. (Dkt. #20). While the Court does not question the authenticity of this document, the fact remains that this Court has not been called upon to adjudicate or render a decision concerning Plaintiff's contractual obligations to his attorney. Awarding payment directly to Plaintiff's counsel would, in effect, constitute a determination regarding Plaintiff's contractual obligation to his attorney despite the fact that this particular issue is not properly before the Court. To so act could adversely impact the rights of individuals and/or entities not presently before the Court. Simply stated, the Supreme Court has held that payment of EAJA fees must be made to the party, not his attorney, and the Court declines to disregard such clear and controlling direction.

Accordingly, the undersigned recommends that Plaintiff's motion for fees and costs pursuant to the EAJA be **granted in part and denied in part** as detailed herein and, furthermore, that such fees be paid directly to Plaintiff.

**CONCLUSION**

For the reasons articulated herein, the undersigned recommends that <u>Plaintiff's Motion for Fees and Costs Pursuant to the Equal Access to Justice Act</u> (Dkt. #20) be **granted in part and denied in part** and that the parties' <u>Proposed Stipulation and Order for Attorney's Fees under the Equal Access to Justice Act</u> (Dkt. #21) be **denied**. Specifically, the undersigned recommends that Plaintiff be awarded five-thousand, one-hundred, twenty-seven dollars and fifty cents ($5,127.50) in fees and costs and that such be paid directly to Plaintiff.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: February 5, 2013
 /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge