UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT J. BRASSARD,

  Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

  Defendant.
_____/

File No. 1:12-CV-345

HON. ROBERT HOLMES BELL

## **OPINION AND ORDER**

On February 5, 2013, Magistrate Judge Ellen S. Carmody issued a Report and Recommendation ("R&R") recommending that Plaintiff's motion for fees and costs pursuant to the Equal Access to Justice Act (EAJA) (Dkt. No. 20) be granted in part and denied in part, and that the parties' proposed stipulation and order for fees and costs (Dkt. No. 21) be denied. (Dkt. No. 22.)  This matter is before the Court on Plaintiff's objections to the R&R. (Dkt. No. 23.)

This Court makes a *de novo* determination of those portions of an R&R to which specific objections are made.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed.  The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).  The Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. *Id.*

Plaintiff raises two objections. First, he contends that the Magistrate Judge's conclusion that the hourly rate claimed was inappropriate should be rejected because the Magistrate Judge erroneously concluded that the increased cost of living data was from New York. The Court disagrees. The Magistrate Judge specifically stated that the *EAJA billing rate data* was from New York. (Dkt. No. 22, at 3.) This statement was not erroneous; the billing rate calculation table attached to Plaintiff's attorney's affidavit was for the *Northeast* and not the Midwest where this Court is located. (*See* Dkt. No. 20, Attach. 1, PageID# 769.) The only evidence submitted besides this inapplicable table was a consumer price index excerpt. The Sixth Circuit has made clear that the submission of "only the Department of Labor's Consumer Price Index, arguing that the rate of inflation supported an increase in fees" is "not enough" to justify the awarding of fees above the EAJA's $125 statutory cap. *Bryant v. Comm'r of Social Sec.*, 578 F.3d 443, 450 (6th Cir. 2009). Thus, the Magistrate Judge's analysis was correct.[1]

Plaintiff also objects to the Magistrate Judge's conclusion that the fee award should be paid to Plaintiff and not Plaintiff's attorney. Plaintiff asks this Court to respect the assignment of EAJA fees from Plaintiff to Plaintiff's counsel that is included in the joint

---

[1] The Court notes that it is irrelevant whether Defendant objected to the rate sought. It is also irrelevant that in a different case in this district an hourly rate of $175 was granted. *See Nichols v. Comm'r of Soc. Sec.*, No. 1:09-CV-1091, 2012 WL 1189764 (W.D. Mich. Mar. 19, 2012) (Brenneman, M.J.). Plaintiff did not cite this case (or any case) before the Magistrate Judge in requesting an increased hourly rate. Moreover, in *Nichols*, much of the justification for the increased fee came from counsels' demonstration that they were experienced Social Security practitioners. *Id.* at *3. According to counsel's affidavit in this case, he was admitted to the bar in 2012.

2

stipulation. The Court agrees with the Magistrate Judge: "Awarding payment directly to Plaintiff's counsel would, in effect, constitute a determination regarding Plaintiff's contractual obligation to his attorney despite the fact that this particular issue is not properly before the Court. To so act could adversely impact the rights of individuals and/or entities not presently before the court." (Dkt. No. 22, at 5.) According to the Supreme Court, the EAJA "'awards' the fees to the litigant, and thus subjects them to a federal administrative offset if the litigant has outstanding federal debts. . . . The Government's history of paying EAJA awards directly to attorneys in certain cases does not compel a different conclusion." *Astrue v. Ratliff*, 130 S. Ct. 2521, 2527-28 (2010). The Court agrees with the Magistrate Judge that *Astrue* provides clear and controlling direction that payment of EAJA fees be made to the party. The validity of Plaintiff's assignment of these fees to his attorney does not affect to whom this Court orders the fees payable.

Accordingly,

**IT IS HEREBY ORDERED** that the February 5, 2013, R&R (Dkt. No. 22) is **APPROVED** and **ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED** that Plaintiff's motion for fees and costs (Dkt. No. 20) is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that the parties' proposed joint stipulation and order (Dkt. No. 21) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff is **AWARDED $5,127.50** in fees and costs, payable directly to Plaintiff.


Dated:  April 10, 2013                              /s/ Robert Holmes Bell
                                                           ROBERT HOLMES BELL
                                                           UNITED STATES DISTRICT JUDGE