UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT BRASSARD,

        Plaintiff,                                  Hon. Robert Holmes Bell

v.                                                  Case No.  1:12-cv-345

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

        This matter is before the Court on Plaintiff counsel's <u>Motion for Award of Attorney Fee Pursuant to 42 U.S.C. § 406(b)</u>.  (Dkt. #28).  Plaintiff's counsel seeks $15,611.25 in fees.  Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **granted in part and denied in part**.

        Plaintiff initiated this action on April 10, 2012, challenging the denial of his claim for disability benefits.  On October 10, 2012, the parties stipulated that the Commissioner's decision be reversed and this matter remanded for further proceedings.  On November 21, 2013, the Social Security Administration issued to Plaintiff a "Fully Favorable" decision on his claim for benefits, including an award of past-due benefits in the amount of forty-seven thousand, five-hundred thirty-two dollars and sixty-five cents ($47,532.65).  (Dkt. #28, Exhibits A, D).  Counsel now submits the present motion seeking an award of fees and costs pursuant to the contingent fee arrangement into which he and Plaintiff entered.  (Dkt. #28, Exhibit B).  This agreement provides that counsel shall "receive as the fee an amount equal to twenty-five percent (25%) of the past-due benefits."  (Dkt. #28, Exhibit B).

The Social Security Act provides that "whenever a court renders a judgment favorable to a claimant...who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment."  42 U.S.C. § 406(b)(1)(A). While the Court finds that counsel is entitled to recover in fees an amount equal to twenty-five percent of Plaintiff's past-due benefits, the amount counsel is requesting exceeds such.  As counsel acknowledges, Plaintiff received past-due benefits in the amount of $47,532.65, twenty-five percent of which equals $11,883.16.  Accordingly, the Court finds that counsel is entitled to recover $11,883.16 of Plaintiff's past-due benefits.

While counsel is entitled to receive twenty-five percent of Plaintiff's past-due benefits, this amount must be reduced by five-thousand, one-hundred, twenty-seven dollars and fifty cents ($5,127.50), the amount counsel was previously awarded pursuant to the Equal Access to Justice Act.  *See Gisbrecht v. Commissioner of Soc. Sec.*, 535 U.S. 789, 795-96 (2002) (where counsel receives a fee award pursuant to both the EAJA and 42 U.S.C. § 406(b), he must "[r]efund to the claimant the amount of the smaller fee").[1]

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff counsel's Motion for Award of Attorney Fee Pursuant to 42 U.S.C. § 406(b), (Dkt. #28), be **granted in part and**

---

[1] While the Court directed that the EAJA award be paid to Plaintiff (rather than counsel), counsel has a fee agreement with Plaintiff pursuant to which Plaintiff agreed to assign to counsel any amounts awarded under the EAJA. (Dkt. #28, Exhibit B). In the absence of evidence or assertion that counsel has not enforced this provision or received payment thereunder, the Court finds that imposition of this offset is appropriate.

**denied in part** and that counsel be awarded six-thousand, seven-hundred, fifty-five dollars and sixty-six cents ($6,755.66) in fees and costs pursuant to 42 U.S.C. § 406(b).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: August 7, 2014     /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge